JOHN E. MEGLEMERE, PLAINTIFF IN ERROR, V. JAMES
BELL, DEFENDANT IN ERROR.

**Final Judgment:** In an action of ejectment the journal entry
in the following form, to-wit: "Now upon this day this cause
came on for hearing, the right of jury being waived, and trial had
by the court. After listening to the evidence of sundry witnesses
and hearing the argument of counsel, and the court being fully
advised in the premises, it is considered by the court that said
James Bell should have judgment entered, and stand as against
the said defendant. And that the plaintiff recover of and from
the defendant his costs herein taxed at $......" *Held,* Not a
final judgment, and the case remanded for judgment.

ERROR to the district court for Harlan county. Tried
below before GASLIN, J.

*Hiatt & Hurd,* for plaintiff in error.

*John Dawson,* for defendant in error.

BY THE COURT.

This action was commenced in the district court by
James Bell against John E. Meglemere for the posses-
sion of a strip of land which was in dispute between them,
in consequence of a disagreement as to the exact location
of a government corner stone, and consequently of the di-
vision line between their respective tracts of land, which
are co-terminous.

The action was such as was formerly known as an action
of ejectment. A jury was waived, and the cause tried to
the court. For a finding and judgment in the case we find
in the record the following journal entry: "*James Bell vs.
John E. Meglemere.* Now upon this day this cause came
on for hearing, the right of jury being waived, and trial
had by the court. After listening to the evidence of sundry
witnesses and hearing the argument of counsel, and the

court being fully advised in the premises, it is considered by the court that said James Bell should have judgment entered, and stand as against the said defendant. And that the plaintiff recover of and from the defendant his costs herein taxed at $........."

"In ejectment," says Bouvier in his Law Dictionary, vol. 2, p. 17, "judgment for plaintiff is final in the first instance, that he recover the term, together with the damages assessed by the jury, and the costs of suit, with award of the writ of *habere facias possessionem,* directing the sheriff to put him in possession." The form for such judgment is given in the appendix to 3 Blackstone, p. 12.

There being no proper final judgment in the cause from which appeal or error will lie, the cause is remanded to the district court for the purpose of the rendition of judgment therein, and further proceedings according to law.

REVERSED AND REMANDED.